THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ABRAM A. PRECIADO, Appellant.

First Department, December 8, 1933.

*Murray Kurman,* for the appellant.

*Robert P. Beyer, Assistant Attorney-General,* of counsel [*Charles A. Schneider, Assistant Attorney-General,* with him on the brief; *John J. Bennett, Jr., Attorney-General*], for the respondent.

O'MALLEY, J. The information charged the defendant with a violation of section 17 of chapter 54 of the Laws of 1929 (Vehicle and Traffic Law), in that on a date certain he " did then and there rent for hire and allowed to be operated a motor vehicle on, over and along Eighth Avenue, a public street in the Borough of Manhattan, and defendant was actually engaged in the business of renting or leasing motor vehicles to be operated for hire without having first deposited an indemnity bond for insurance policies with the State Tax Commission, Automobile Bureau, in the sum of $2,500.00 conditioned for the payment of any judgment recovered."

The defendant, with one McGrath, was doing business at 11 West Forty-second street, New York city, under the name of the Auto Travel Bureau. As proved upon the trial, his business consisted in " contacting " or bringing automobile owners who contemplated making trips to other cities, in touch with others who desired to go to the same place. By this means the expenses of the trip to owners were lessened, they being shared upon a *pro rata* basis of the estimated cost.

The evidence discloses that an investigator of the Bureau of Motor Vehicles arranged with McGrath for a trip to Chicago. The charge was fixed at twelve dollars, of which four dollars was immediately paid to McGrath and retained as a fee. The agency issued a travel accident policy to the putative passenger, the premium of which was fifty cents. This investigator also received a receipt which recited payment of the four dollars deposit for a Chicago trip and a balance due of eight dollars.

The investigator was instructed where the car would pick him up. He was met at the appointed place by one Doyle who was driving a Packard car registered in his name in this State, and who himself intended to go to Chicago. Four other passengers secured through another agency were in the car. After Doyle had started on the trip and his car had progressed a few blocks he was apprehended and charged with a violation of the statute. Later the defendant and McGrath were likewise charged with the same crime.

Section 17 of the Vehicle and Traffic Law, subdivision 1, requires every person, firm, association or corporation engaged in the business of carrying or transporting passengers for hire in any motor vehicle

to give a surety bond in the sum of $2,500 to cover damages for bodily injury or death. Subdivision 2 makes a violation a misdemeanor. Subdivision 4 of the same section recites that a person, firm, association or corporation engaged in the business of renting or leasing motor vehicles to be operated upon the public highways for carrying passengers shall be subject to the provisions of the section in the same manner and to the same extent as if actually engaged in the business of carrying or transporting passengers for hire.

We are of opinion that there was insufficient evidence to show that the defendant was engaged in the business of renting or leasing motor vehicles, or carrying or transporting passengers for hire in such vehicle. The car in question was not owned by the defendant or McGrath. It was owned by Doyle and was registered in his name. While Doyle had met the defendant on one or two other occasions, he was not hired by the defendant, nor was he working for him in any manner. The defendant could neither compel him to go to Chicago nor direct his activities in any way. Doyle and not the defendant received the eight dollars, the estimated *pro rata* share of the expenses of the trip. The four dollars received by the defendant was a brokerage fee for bringing the parties together. In the circumstances the defendant was not brought within the purview of the statute.

It may well be that the business in which the defendant and others are engaged should be subjected to regulation so as to extend the benefits and protection of the law here involved to persons who are induced to travel by automobile in the circumstances here disclosed. The subject, however, is one for the consideration of the Legislature.

It follows, therefore, that the judgment of conviction should be reversed, the information dismissed, and the fine remitted.

FINCH, P. J., MERRELL, MARTIN and UNTERMYER, JJ., concur.

Judgment reversed, the information dismissed and the fine remitted.